Neal vs. Lapleine et al.

---

## No. 11,987.

### ELLEN NEAL VS. MARIE LAPLEINE ET AL.

The tutor's declaration, in his affidavit, in regard to the date his indebtedness began, does not conclude the minor.

The evidence shows that the debt of the tutor was a debt of the community.

Although the distinct interest of the wife attaches at the dissolution of the marriage, subject to the right to renounce, she can claim nothing until the debts are paid.

She can not sue to cancel a mortgage due by the community.

The property of the community is the common pledge of the creditors.

APPEAL from the Nineteenth Judicial District Court for the Parish of Iberia. *Voorhies, J.*

*Foster & Broussard* and *A. J. Cammack* for Plaintiff, Appellant.

*Todd & Todd* for Defendant, Appellee.

Argued and submitted January 7, 1896.
Opinion handed down January 20, 1896.
Rehearing refused (reasons assigned) February 24, 1896.

---

The opinion of the court was delivered by

BREAUX, J. Bernard Lapleine obtained a judgment of divorce from his wife, Ellen Neal, in March, 1890.

An order was, at the time, issued to sell the property to effect a partition; in compliance therewith the real estate was sold by auction to Lapleine for the sum of three thousand seven hundred and twenty-nine dollars and seventy-five cents. The adjudicatee refused to comply with this bid, claiming that there was a legal mortgage upon the property to secure his daughter, a minor, for the sum of three thousand two hundred and forty-seven dollars and thirty-five cents. He tendered the difference between the amount of his bid and the mortgage, viz.: four hundred and eighty-seven dollars and forty cents, and made a demand for title, which was refused.

In June, 1891, the adjudicatee, Lapleine, having previously obtained a rule on Ellen Neal and the sheriff to complete the sale on the terms proposed as just stated, it was denied and dismissed. He was ordered to pay over to the sheriff the amount of his bid. The litigation remained in abeyance until March, 1895. Ellen Neal obtained a rule against the adjudicatee, Lapleine, and the sheriff, to compel them to show cause why the adjudication in question should not be annulled and the property offered for sale. Upon this rule a judgment was rendered in favor of the plaintiff in rule, ordering another sale and distribution of the proceeds. The minor daughter of the marriage between the plaintiff and the defendant, Marie Lapleine, was emancipated on the 11th day of May, 1895.

The mother, Ellen Neal, sued out a rule against her daughter, Marie, to show cause why the mortgage she claimed should not to canceled.

Judgment was rendered by the judge of the District Court sustaining the rule and ordering a cancellation of the mortgage. Subsequently, on a motion for a new trial, this judgment was annulled and another rendered dismissing the rule. From the judgment plaintiff appeals. The plaintiff urges that the amount claimed by Marie Lapleine was received by her father after the community had been dissolved, and that it was in consequence due by him, and not by the community, and, in the second place, whether or not due by the community, she claimed that there can be no legal mortgage in favor of a minor child while both of the parents are living, any more than there can be a tutor.

In order to decide the first question, an analysis of the facts bearing upon the question is necessary.

ERRONEOUS DECLARATION OF THE FATHER IN REGARD TO THE DATE
OF AN AMOUNT RECEIVED FOR HIS MINOR DAUGHTER.

It is urged that there is no evidence, save that of Bernard Lapleine,
that he ever received any amount for his daughter prior to the dis-
solution of the community.   The date of payment is obscured by a
declaration of the father Lapleine, which declaration contradicts the
receipt he gave his attorney.

In an affidavit which he made for the purpose of having it re-
corded, he claimed that after the community had been dissolved by
the judgment of divorce he had collected the amount claimed by his
daughter.

The evidence showing the error in regard to the date of the
amount so received consists of a reference (in the inventory taken of
the property of the community) to a judgment obtained by the minor,
Marie Lapleine, represented by her father in the suit against the
Morgan's Louisiana & Texas Railroad Company for the amount now
claimed.

There is also a receipt in evidence taken by Mr. R. S. Perry, at-
torney, showing payment of an amount (corresponding to the
amount acknowledged in the inventory to have been) collected for
this minor.   The minor at her majority was not concluded by the
declaration of a date of receipt of money subsequent to the dis-
solution of the community, to which we have referred as being in
the first affidavit.   Considered as a fact independent of any alleged
admission by her father, we think it evident that the amount was
received some time *prior* to the dissolution of the community.

A MARRIED WOMAN WHO HAS NOT RENOUNCED THE COMMUNITY IS
WITHOUT RIGHT TO HAVE A MORTGAGE CANCELED, AS IF SHE
WERE A THIRD PERSON.

This brings us to a consideration of the responsibility of the plain-
tiff as a member of the community.

The case Succession of Gustave Dejean, 5 An. 593, is quite de-
terminative of the issues in this case. .

Mrs. Dejean was a widow in community and claimed preference
upon the proceeds of the probate sale of a tract of land, and the
court held that as a partner in community she could not be per-
mitted to apply a partnership asset to her individual claim, to the
detriment of the creditor of the partnership.

A similar question was decided in Newman vs. Cooper, 46 An. 1496.

It was decided that community creditors whose claims are unse-cured by mortgage are entitled to be paid from the assets of the community by preference over the individual creditors, though the latter are secured by special mortgage; and further, that the prop-erty, by the death of one of the spouses, becomes vested jointly in the survivor and the heirs of the deceased, *subject to the payment of the community debts.*     (Italics ours.)     The evident purpose is that the spouses or the heirs should, at the dissolution of the commu-nity, own the property, subordinate to the claims of creditors.

In St. Charles Street Railroad Company vs. Fairex, 46 An, 1022, 1028, we held that only the *residuum* vested in the survivor in com-munity, and that the creditor of the survivor in community was without right to claim more than his debtor's interest in the *resid-uum*.     From these decisions, and the authorities to which they re-fer, it follows as a conclusion that the members of the community are not third persons in so far as relates to the debts, and that the whole community property is the common pledge of the community creditors.     There is no question involved here affecting the rights of third persons.     The question of mortgage *vel non* is not of impor-tance; in view of the fact that a partition must be made and the debts paid, before either of the spouses can claim as owners to the prejudice of creditors.     She is absolutely without interest to have the mortgage in question canceled.

THE RECORD DISCLOSES THAT A NEW TRIAL WAS GRANTED, AND NOTHING OF RECORD SHOWING A DENIAL OF OPPORTUNITY TO OFFER TESTIMONY.

We have not overlooked the complaint that the new trial was granted in the District Court and the judgment recalled and an-nulled, without having given plaintiff the opportunity to introduce any new testimony to rebut the *ex parte* affidavit of the defendant for a new trial.     We do not understand that the opportunity men-tioned was denied to offer evidence.     From the minutes we extract:

New trial granted.

Missing documentary evidence filed.

Case submitted and taken under advisement.

With the evidence before us, we do not think we would be justi-

fied in remanding the case, for the purpose mentioned—*i. e.*, to enable plaintiff to introduce new testimony.

Upon examination of the testimony, without any regard whatever to the affidavit for a new trial, which can in no sense be evidence in determining the issues (as charged was the case in the District Court), we have found sufficient proof to sustain the last judgment. We, in consequence, conclude that it would serve no useful purpose to remand the case. *Interest reipublicæ ut sit finis litium.*

It is therefore ordered and adjudged that the judgment appealed from is affirmed.

### ON APPLICATION FOR REHEARING.

It is urged that there is no mortgage of the minor to secure his funds received by his father during the marriage. This argument supposes that the minor's mortgage is incident to the tutorship which arises only when the marriage is dissolved. Civil Code, Art. 3317. But the mortgage against the property of the father for the money of his minor child is given by statute. R. S. S. 2392, 2367, 3097. It is the father's duty to record the mortgage. But neither he nor his wife, in seeking the division of the community property, can plead non-registry of the mortgage. As to them the mortgage dates from the receipt by the father of the minor's money.

On the issue of fact of the indebtedness of the father to the minor, we think the inventory recorded by him corrected by the statement of Mr. Perry shows the indebtedness and its origin prior to the dissolution of the community.